UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ALBERT NEELY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. RUFFIN,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00197-LJO-SAB (PC)<br><br>**FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT BE DENIED**<br><br>[ECF No. 19] |

Plaintiff Charles Albert Neely is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on February 17, 2015.  Local Rule 302.  Defendant has neither consented nor declined magistrate judge jurisdiction, therefore, this matter is referred to the magistrate judge for findings and recommendations.  28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding on Plaintiff's claim of excessive force against Defendant Ruffin.[1]

On May 12, 2016, Defendant filed a motion to dismiss the excessive force claim against him for failure to state a cognizable claim and entitlement to qualified immunity.  (ECF No. 19.)  Plaintiff

---

[1] All other claims and Defendants were dismissed from the action for failure to state a cognizable claim for relief.  (ECF No. 15.)

1

filed an opposition on May 25, 2016, and Defendant filed a reply on June 1, 2016. (ECF Nos. 20, 21.) On June 15, 2016, Plaintiff filed a surreply. (ECF No. 22.)

## II.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

As previously stated, Defendant argues that the Court should dismiss Plaintiff's second amended complaint because (1) Plaintiff fails to state a cognizable excessive force claim; and (2) Defendant is entitled to qualified immunity.

///
///
///

2

**B.     Complaint Allegations[2]**

On July 16, 2014, Defendant D. Ruffin invited Plaintiff in to his office to discuss a scheduling conflict.  Defendant became physically and verbally agitated by pushing an office chain abruptly out of the way to then aggressively charge Plaintiff.  While Defendant was screaming expletives and threats to include "I ought to beat your ass and teach you a lesson in respect," Plaintiff then attempted to leave the office.  Defendant told Plaintiff "no," and grabbed him from behind.  Defendant then said "what you are going to do is get your fucking ass against the wall and don't fucking move."  At which time Defendant, who was holding Plaintiff from behind, pushed Plaintiff out of the door and across the hall onto the wall.  Defendant continued to scream expletives and called for back-up.  Defendant cuffed Plaintiff and ordered him to "the hole" to cool off for a couple of hours.  Plaintiff never resisted and complied with every order and did not need to cool off.

**C.     Screening of Complaint**

As an initial matter, Plaintiff's second amended complaint was screened on July 27, 2015, and the Court found that Plaintiff stated a cognizable claim against Defendant Ruffin for excessive force in violation of the Eighth Amendment of the United States Constitution.  28 U.S.C. § 1915A; Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (section 1915(e)(2)(B)(ii) screening standard is the same as Rule 12(b)(6) standard).  Defendant's acknowledgement that the complaint was screened is appreciated; however, he presents no arguments which persuade the Court it erred in determining that Plaintiff's Eighth Amendment claims were cognizable or that any other grounds justifying relief from the screening order exist.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice

---

[2] This action is proceeding on Plaintiff's second amended complaint, filed June 24, 2015.  (ECF No. 14.)

3

1 would otherwise result."). As explained below, Plaintiff's allegations are sufficient to allow him to
2 proceed past the pleading stage.

### D.     Eighth Amendment Excessive Force Claim

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)) (quotation marks omitted). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification, Hope, 536 U.S. at 737 (citing Rhodes v. Chapman, 452 U.S. 337, 346 (1981)) (quotation marks omitted), and punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, id. at 738 (quotation marks omitted).

What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (quotation marks omitted). Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 37 (citing Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotations marks omitted).

In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 37 (citing Hudson, 503 U.S.

4

1  at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which
2  ultimately counts.  Id. at 37-8.

3  In his second amended complaint, Plaintiff alleges that on July 16, 2014, Defendant Ruffin
4  (ECF No.  Comp., p. 6.)

5  Plaintiff is entitled to have his factual allegations taken as true and construed in the light most
6  favorable to him, and he is entitled to be afforded the benefit of any doubt.  Nordstrom, 762 F.3d at
7  908; Blaisdell, 729 F.3d at 1241.  Moreover, Plaintiff is required only to allege a short and plain
8  statement of his claim, Fed. R. Civ. P. 8(a)(2); Johnson v. City of Shelby, __ U.S. __, __, 135 S.Ct.
9  346, 346 (2014) (per curiam), and at the pleading stage, Plaintiff need only present facts supporting a
10 claim that physical force was used "'maliciously and sadistically to cause harm,'" Wood v. Beauclair,
11 692 F.3d 1041, 1049-50 (9th Cir. 2012) (quoting Hudson, 503 U.S. at 6).

12 Although Plaintiff's specific factual allegations are brief, accepting Plaintiff's factual
13 allegations as true and construing them in the light most favorable to him, as this Court must, Plaintiff
14 has shown a use of force that was totally unprovoked and not undertaken in any good faith effort to
15 maintain or restore discipline.  Moreover, although Plaintiff does not describe his injury, the extent of
16 any injury is just one factor to consider in determining whether the force used was *de minimis*. See,
17 e.g., Wilkins, 559 U.S. at 37 (an excessive force claim is not foreclosed simply because an inmate
18 suffers injury that is not serious and/or is de minimis); see also Oliver v. Keller, 289 F.3d 623, 628
19 (9th Cir. 2002) (the question under the Eighth Amendment is whether the use of physical force was
20 more than de minimis, resulting in the unnecessary and wanton infliction of pain.)  The gratuitous use
21 of force by a correctional officer in the absence of any need to use force supports a claim for relief
22 under the Eighth Amendment and Defendant's argument to the contrary is rejected.  Furthermore, the
23 Court declines to find that as a matter of law, pushing an inmate out of the door across the hall and
24 onto a wall for no reason at all constitutes a *de minimis* use of force.  Id. at 37-38.  Any reasonable
25 person in Plaintiff's position would think the facts as alleged were more than *de minimis,* especially
26 when unprovoked.  Plaintiff is not required to provide further detail regarding the severity of his
27 injury, as he is not required to show significant injury to maintain a claim, and Plaintiff's allegations
28 are not implausible as a matter of law.  Accordingly, Defendant's motion to dismiss for failure to state

1 a cognizable claim for relief should be denied.

### E. Qualified Immunity

Qualified immunity is "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009) (citation and internal quotations omitted). Qualified immunity shields government officials from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 555 U.S. 223, 231 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341 (1986).

In resolving the claim of qualified immunity, the Court must determine whether, taken in the light most favorable to Plaintiff, Defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001); Mueller, 576 F.3d at 993. While often beneficial to address in that order, the Court has discretion to address the two-step inquiry in the order it deems most suitable under the circumstances. Pearson, 555 U.S. at 236 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

As set forth above, Plaintiff alleges a cognizable excessive force claim against Defendant Ruffin under "clearly established" law. Accepting Plaintiff's factual allegations as true, as this Court must, Defendant Ruffin violated Plaintiff's right against the use of excessive force under the Eighth Amendment. The Court concludes that a reasonable officer in Defendant's position could not have believed that his actions were lawful. Furthermore, the three cases cited by Defendant in support of his claim for qualified immunity are inapposite as all of the cases resolved the issue of excessive force by way of motion for summary judgment, not a motion to dismiss. See Thompson v. Rosario, No. 2:12-CV-0776 KJM DAD, 2014 WL 1400856 (E.D. Cal. Apr. 10, 2014); Royal v. Knight, No. 1:09-cv-01407 BAM (PC), 2013 WL 6835188 (E.D. Cal. Dec. 20, 2013); Washington v. Duncan, No. C 05-

2775 WHA (PR), 2011 WL 2020703 (N.D. Cal. May 24, 2011).  Accordingly, Defendant's motion to dismiss based on qualified immunity should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss the second amended complaint be DENIED in its entirety.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2016**

UNITED STATES MAGISTRATE JUDGE