1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

CHARLES ALBERT NEELY,                )   Case No.: 1:15-cv-00197-LJO-SAB (PC)
                                     )
12

            Plaintiff,          )
                                     )   FINDINGS AND RECOMMENDATIONS
13

     v.                             )   RECOMMENDING DEFENDANT'S MOTION
                                     )   FOR SUMMARY JUDGMENT BE GRANTED
14

D. RUFFIN,                           )
                                     )   [ECF No. 28]
15

            Defendant.          )
                                     )
16

_____ )

17

        Plaintiff Charles Albert Neely is appearing pro se and in forma pauperis in this civil rights

18

action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the

19

jurisdiction of the United States Magistrate Judge on February 17, 2015.  Defendant has not consented

20

or declined to United States Magistrate Judge jurisdiction; therefore, this action was referred to the

21

undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22

**I.**

23

**RELEVANT HISTORY**

24

        This action is proceeding against Defendant D. Ruffin for use of excessive force in violation of

25

the Eighth Amendment to the United States Constitution.

26

        On May 12, 2016, Defendant filed a motion to dismiss the second amended complaint for

27

failure to state a cognizable claim under Federal Rule of Civil Procedure 12(b)(6).  On September 2,

28

2016, the undersigned recommended that Defendant's motion to dismiss be denied.   The Findings and

1

Recommendations were adopted in full on October 11, 2016, and Defendant's motion to dismiss was denied.

On November 11, 2016, Defendant filed an answer to the complaint, as well as a motion for summary judgment.  (ECF Nos. 27, 28.)  Plaintiff filed an opposition on November 23, 2016, and Defendant filed a reply on November 30, 2016.  Pursuant to Local Rule 230(l), the motion is deemed submitted for review without oral argument.

## II.

## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence.  Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).  Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him.  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and

1    citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party

2    and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de

3    Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation

4    marks and citation omitted).

5        In arriving at this recommendation, the Court has carefully reviewed and considered all

6    arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses

7    thereto, if any, objections, and other papers filed by the parties.  Omission of reference to an argument,

8    document, paper, or objection is not to be construed to the effect that this Court did not consider the

9    argument, document, paper, or objection.   This Court thoroughly reviewed and considered the

10   evidence it deemed admissible, material, and appropriate.

11                                                    **III.**

12                                              **DISCUSSION**

13   **A.       Summary of Plaintiff's Complaint**

14       On July 16, 2014, Defendant D. Ruffin invited Plaintiff in to his office to discuss a scheduling

15   conflict.  Defendant became physically and verbally agitated by pushing an office chair abruptly out of

16   the way to then aggressively charging Plaintiff.  While Defendant was screaming expletives and

17   threats to include "I ought to beat your ass and teach you a lesson in respect," Plaintiff then attempted

18   to leave the office.  Defendant told Plaintiff "no," and grabbed him from behind.  Defendant then said

19   "what you are going to do is get your fucking ass against the wall and don't fucking move."  At which

20   time Defendant, who was holding Plaintiff from behind, pushed Plaintiff out of the door and across the

21   hall onto the wall.  Defendant continued to scream expletives and called for back-up.  Defendant

22   cuffed Plaintiff and ordered him to "the hole" to cool off for a couple of hours.  Plaintiff never resisted

23   and complied with every order and did not need to cool off.

24   ///

25   ///

26   ///

27   ///

28   ///

                                                      3

**B.       Statement of Undisputed Facts[1]**

1.        At all times relevant to this suit, Charles Albert Neely (CDC No. AE6507) was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Taft Modified Community Correctional Facility (TMCCF) in Taft, California.  (Second Amended Complaint (SAC) at 1, 3-4.)  Defendant Ruffin was a Correctional Counselor I at TMCCF during the same time period.  (SAC at 3; Ruffin Decl. ¶ 3.)

2.        In this action, Plaintiff brings a claim for excessive force against Defendant Ruffin for his alleged conduct on July 16, 2014.  (SAC at 4, 6.)

3.        On July 16, 2014, at approximately 11:45 a.m., Defendant Ruffin was in his office in the Counselor Hallway of TMCCF, and heard noises coming from the adjoining office.  (Ruffin Decl. ¶ 3.)  He opened the door and saw Plaintiff Neely in the office.  (Id.)  He ordered Plaintiff Neely to exit the office and remain out of the office until at least 1:30 p.m. (Id.)  Plaintiff left, but returned several minutes later to Defendant Ruffin's office.  (Id.)

4.        Surveillance video captured the interaction between Defendant Ruffin and Plaintiff Neely in the Counselor Hallway at TMCCF on July 16, 2014.  (Negrete Decl. ¶ 2; Gautney Decl. ¶¶ 9-10.)  Defendant's Exhibit A is a true and correct copy of the surveillance footage recorded on July 16, 2014 at approximately 11:47 a.m., at the TMCCF in the Counselor Hallway taken from Camera 4. (Negrete Decl. ¶¶ 2-3; Brown Decl. ¶ 4; Shryock Decl. ¶ 2.)

5.        It was at approximately 11:47:38 a.m. that Plaintiff walked into Defendant Ruffin's office, located in the Counselor Hallway of TMCCF.  (Shryock Decl. ¶ 2, Ex. A [Surveillance Video]; Ruffin Decl. ¶4; SAC at 4.)

6.        At approximately 11:49:25, Plaintiff exited Defendant Ruffin's office and stepped into the hallway.  (Surveillance Video; Ruffin Decl. ¶ 5.)  Defendant Ruffin had no physical contact with Plaintiff as Plaintiff stepped out into the hallway.  (Surveillance Video; Ruffin Decl. ¶¶ 5-6.)

---

[1] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed.  Local Rule 56-260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence).

7.      When Plaintiff was approximately halfway between Defendant Ruffin's office door and the adjacent wall, Defendant Ruffin pointed at the adjacent wall, instructing Plaintiff to face the wall. (Surveillance Video; Ruffin Decl. ¶ 6.)

8.      Correctional Officer Gautney arrived at the scene at approximately 11:50:09, and handed Defendant Ruffin handcuffs.  (Surveillance Video; Gautney Decl. ¶¶ 4-5; Ruffin Decl. ¶ 11.)

9.      Plaintiff did not physically resist as handcuffs were applied.  (Surveillance Video; Ruffin Decl. ¶ 11.)

10.     At approximately 11:50:26, Defendant Ruffin guided Plaintiff to turn and face Officer Gautney.  (Surveillance Video; Ruffin Decl. ¶ 12; Gautney Decl. ¶ 6.)  Officer Gautney then took physical custody of Plaintiff.  (Id.)

11.     Plaintiff was escorted to a temporary holding cell by Officer Gautney.  (Surveillance Video; Gautney Decl. ¶ 7.)  He returned to his dorm from the temporary holding cell at approximately 12:40 p.m.  (Chavaria Decl. ¶ 4.)

12.     Following this incident, Defendant Ruffin wrote Plaintiff a Rules Violation Report (RVR).  (Ruffin Decl. ¶ 13.)  In that report, Defendant Ruffin described how he gave Plaintiff an order to stay out of the office adjoining his until after 1:30 p.m., however, several minutes later Plaintiff returned and entered Defendant Ruffin's office.  (Shryock Decl. ¶ 3, Ex. B.)  On July 23, 2014, Plaintiff was found guilty of failure to follow an order, and assessed fifteen days forfeiture of credit. (Id.)

**C.      Findings on Defendant's Motion**

Defendant Ruffin moves for summary judgment on two grounds: (1) the undisputed evidence demonstrates that Defendant Ruffin did not act maliciously and sadistically for the purpose of causing harm to Plaintiff, but instead only placed his hand on Plaintiff for forty-six seconds to maintain institutional order, and (2) based on the undisputed evidence, Defendant Ruffin is entitled to qualified immunity.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  Hope v. Pelzer, 536 U.S. 730, 737 (2002) (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)) (quotation marks omitted).  Among unnecessary and wanton

inflictions of pain are those that are totally without penological justification, <u>Hope</u>, 536 U.S. at 737 (citing <u>Rhodes v. Chapman</u>, 452 U.S. 337, 346 (1981)) (quotation marks omitted), and punitive treatment which amounts to gratuitous infliction of wanton and unnecessary pain is prohibited by the Eighth Amendment, <u>id.</u> at 738 (quotation marks omitted).

What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992) (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010) (per curiam) (citing <u>Hudson</u>, 503 U.S. at 7) (quotation marks omitted). Not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Wilkins</u>, 559 U.S. at 37 (citing <u>Hudson</u>, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. <u>Wilkins</u>, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing <u>Hudson</u>, 503 U.S. at 9-10) (quotations marks omitted).

In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. <u>Hudson</u>, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. <u>Hudson</u>, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. <u>Wilkins</u>, 559 U.S. at 37 (citing <u>Hudson</u>, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. <u>Wilkins</u>, 559 U.S. at 37-8.

"When opposing parties tell two different stores, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007). In <u>Scott</u>, a videotape recording clearly contradicted the version of the story told by the arrestee-non-

moving party, and in reversing the lower court the Court explained that it should not have relied 'on such visible fiction' in determining the facts for purposes of ruling on a motion for summary judgment.  Id. at 378.  There is no question that the surveillance recording in this case captured the incident in the counselor hallway at TMCCF giving rise to the alleged physical force on July 16, 2014, and the videotape is not susceptible to multiple reasonable interpretations.

Defendant argues that he is entitled to judgment as a matter of law because the undisputed evidence demonstrates that he did not use force on Plaintiff maliciously and sadistically to cause harm, but rather to maintain institutional security.  The only physical force Defendant Ruffin applied to Plaintiff was placing his hand in the middle of Plaintiff's back for forty-six seconds while waiting for back-up officers to arrive with handcuffs.  In addition, Plaintiff suffered no physical injuries as a result of this incident.

In opposition, Plaintiff argues that there are two separate hallways to the offices occupied by Plaintiff and Defendant Ruffin, and Plaintiff submits a diagram purportedly of the hallway where the incident took place.[2]  (ECF No. 32, at 2, 9.)  Plaintiff contends that when Ruffin ordered him to leave the office and not return he obeyed the order.  Plaintiff was later allowed access to the hallway to utilize the restroom, and requested to speak with Defendant Ruffin.  Plaintiff argues that contrary to Defendant's argument, Ruffin "did have physical contact with plaintiff, when plaintiff attempted to exist Defendant's office as depicted on the video surveillance." (ECF No. 32, at 3.)  Plaintiff contends he attempted to exit Defendant Ruffin's office, when Ruffin grabbed his arm from behind and pushed him into the hallway.  (Id.)  Plaintiff contends Ruffin then pushed him against the wall and pinned him there unnecessarily and used force when none was necessary.  (Id.)  As Plaintiff was pinned against the wall, Defendant Ruffin forcefully slammed Plaintiff's satchel from under his arm.  (Id. at 4.) Plaintiff also submits that he was obedient throughout the incident, complying with Defendant Ruffin's order to place his hands behind his back.  (Id.)

---

[2] As an initial matter, Defendant submits that Plaintiff's opposition should not be considered as evidence in ruling on the instant motion because it is not signed under penalty of perjury.  While Defendant is correct, the Court finds that given Plaintiff's pro se status and the fact that it is signed by Plaintiff, the Court will consider it when ruling on the instant motion.

The surveillance video is conclusive on the issue of whether Defendant Ruffin used excessive force upon Plaintiff on July 16, 2014.[3]

Defendant Ruffin declares that Plaintiff ignored an order to leave and not return to the office adjoining Defendant Ruffin's until after 1:30 p.m.  (Ruffin Decl. ¶¶ 3, 13; Shryock Decl. ¶ 3, Ex. B.)  Plaintiff returned several minutes later, spent approximately two minutes with Defendant Ruffin in his office, and then walked back into the hallway.  (Ruffin Decl. ¶¶ 3-6; Surveillance Video.)  Defendant Ruffin followed Plaintiff out of the office and pointed at the wall.  (Ruffin Decl. ¶ 6; Surveillance Video.)  Plaintiff lined up with the front of his body facing the wall and his hands placed behind his back.  Defendant Ruffin placed his left hand in the middle of Plaintiff's back.  (Ruffin Decl. ¶ 6; Surveillance Video.)  Ruffin declares that he was previously attacked by an inmate in similar circumstances and was concerned for his safety, and felt it was necessary to use this minimal amount of force.  (Ruffin Decl. ¶¶ 6, 14.)  Defendant Ruffin also did not have handcuffs in his possession, and keeping his hand on Plaintiff's back allowed him to maintain control of Plaintiff and prevent him from launching an attack.  (Ruffin Decl. ¶¶ 6, 8.)  Shortly thereafter, Officer Gautney arrived and handed Defendant Ruffin handcuffs.  (Surveillance Video; Gautney Decl. ¶¶ 4-5; Ruffin Decl. ¶ 11.)  Defendant Ruffin accepted the handcuffs with his right hand, keeping his left hand placed in the middle of Plaintiff's back.  (Surveillance Video; Ruffin Decl. ¶ 11.)  Defendant Ruffin placed Plaintiff in handcuffs, and then turned over physical custody of Plaintiff to Officer Gautney.  (Surveillance Video; Ruffin Decl. ¶¶ 11-12; Gautney Decl. ¶¶ 6-7.)  Based on a review of the video surveillance, Defendant Ruffin's hand remained in the middle of Plaintiff's back for approximately 46 seconds while he waited for other officers to arrive with handcuffs.  Given the record in this case, the minimal use of force simply does not rise to the level of an Eighth Amendment violation.

Plaintiff has failed to provide any competent evidence that creates a triable issue of material fact.  First, Plaintiff's argument relating to the hallway and doorway layout at TMCCF is irrelevant to

---

[3] Plaintiff was provided the opportunity to view the surveillance video prior to opposing Defendant's motion and references such video in his opposition.  (See ECF No. 32.)

8

the issue of whether Defendant Ruffin used excessive force on July 16, 2014.[4]  Second, even assuming some verbal altercation took place while Plaintiff and Defendant Ruffin were in Ruffin's office, verbal harassment and/or threats are insufficient to give rise to a claim under the Eighth Amendment.  See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse … is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983") (quoting Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong).  Third, even assuming that Plaintiff complied with Defendant Ruffin's order to place his hands behind his back, Defendant Ruffin's subjective belief that Plaintiff was aggressive and argument is sufficient to justify the minimal use of force in this instance.[5]  It is undisputed based on a review of the video surveillance that Defendant Ruffin placed his hand on Plaintiff's back for 46 seconds until back-up officers arrived with handcuffs.  Thus, there is no reasonable interpretation that Defendant Ruffin's actions were malicious or sadistic.  The video surveillance "blatantly contradicts" Plaintiff's claim that he was grabbed by the arm and thrown out of Ruffin's office and against the wall.  The video surveillance demonstrates that Plaintiff walked out of Ruffin's office and was then ordered against the wall to which he complied. Lastly, Plaintiff's argument that Defendant Ruffin had available alternatives to physical force does not create a trial issue of fact.  Plaintiff contends that Defendant Ruffin should have asked Plaintiff to "cuff up," call a "code," or to use pepper spray before placing his hands on Plaintiff's back.  (Pl.'s Opp'n at 5-6.)  However, not every criticism of an officer's conduct suggests excessive force. Whitley v. Albers, 475 U.S. 312, 322 (1986).  It is an officer's conduct done in bad faith or for no legitimate purpose that gives rise to a claim under the Eighth Amendment.  Id.  Thus, in order to

---

[4] Defendant also properly objects to the diagram purportedly drawn by Plaintiff for lack of authentication. Fed. R. Evid. 901.  Unauthenticated documents cannot be considered in a motion for summary judgment, Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011) (citing Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002)) (quotation marks omitted), and therefore, lack of proper authentication can be an appropriate objection where the document's authenticity is genuinely in dispute.  In any event, as explained, the diagram is irrelevant to the ultimate issue to be decided in this motion.

[5] Indeed, Plaintiff admits that Defendant Ruffin ordered him to leave the office and not return until after open line, and Plaintiff did return to talk to Defendant Ruffin.  (Shrylock Decl., Ex. B; Pl's Opp'n at 2.)

proceed under the Eighth Amendment, the evidence must go "beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives" to support "a reliable inference of wantonness in the infliction of pain." Id.  No such inference exists here.  Defendant Ruffin's decision to place his hand on Plaintiff's back for 46 second until officer arrived with handcuffs, does not demonstrate an intent to inflict pain or injury, and was no more than de minimis use of force. See, e.g., Thompson v. Rosario, Case No. 2:12-cv-0776 KJM DAD P, 2014 WL 1400857, at *1, *11 (E.D. Cal. Apr. 10, 2014) (holding a shove in the back that caused plaintiff to stumble forward, lose his balance, and slam his right shoulder against the railing of the door jamb, resulting in an abrasion to the back of plaintiff's shoulder was a relatively small amount of force, and did not rise to the level of a constitutional violation); Royal v. Knight, Case No. 1:09-cv-01407 BAM PC, 2013 WL 685188, at *2, *8 (E.D. Cal. Dec. 20, 2013) (finding allegation that defendant grabbed the plaintiff's shoulder and pushed him into a cell frame, causing the plaintiff pain to his shoulder, neck, head, and back, was a de minimis use of force and did not rise to the level of a constitutional violation); Washington v. Duncan, Case No. C 05-2775 WHA (PR), 2011 WL 2020703, at *1-2 (N.D. Cal. May 24, 2011) (holding an unprovoked shoving of the plaintiff into a fence with such force that he bounced backwards, causing an abrasion or scratch to the plaintiff's cheek and knuckle was de minimis force and did not rise to the level of a constitutional violation).  Based on the record in this case, Defendant Ruffin is entitled to summary judgment.[6]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.	Defendant's motion for summary judgment be granted; and

2.	The Clerk of Court be directed to enter judgment in favor of Defendant.

---

[6] Because the Court has determined in its review of Plaintiff's claim on the merits that no constitutional right has been violated, there is no reason to further analyze or address the issue of qualified immunity.  Saucier v. Katz, 533 U.S. 194, 201 (2001).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 6, 2017**

UNITED STATES MAGISTRATE JUDGE